# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 17-46V
### Filed: March 7, 2018
UNPUBLISHED

LEANNE LEWIS,

                Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                Respondent.

Special Processing Unit (SPU);
Ruling on Entitlement; Concession;
Causation-In-Fact; Influenza (Flu)
Vaccine; Shoulder Injury Related to
Vaccine Administration (SIRVA)

*Amber Diane Wilson, Maglio Christopher & Toale, PA, Washington, DC, for petitioner.*
*Ryan Daniel Pyles, U.S. Department of Justice, Washington, DC, for respondent.*

## RULING ON ENTITLEMENT[1]

**Dorsey**, Chief Special Master:

On January 11, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA") as a result of her October 30, 2015 influenza ("flu") vaccination. *See* Petition. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On March 2, 2018, respondent filed his Rule 4(c) Report and Proffer on Compensation in which he concedes that petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report and Proffer on Compensation at 1. Specifically, respondent indicates that

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

[m]edical personnel at the Division of Injury Compensation Programs (DICP) have reviewed the petition and medical records filed in this case. Based on that review, DICP has concluded that petitioner's left shoulder injury is consistent with SIRVA, as defined by the Vaccine Injury Table. 42 C.F.R. § 100.3(a)(XIV)(B), (c)(10). Specifically, petitioner had no recent history of pain, inflammation, or dysfunction of her left shoulder, the onset of pain occurred within forty-eight hours after receipt of an intramuscular flu vaccination, the pain was limited to the shoulder where the flu vaccine was administered, and no other condition or abnormality, such as brachial neuritis, has been identified to explain petitioner's left shoulder pain. *Id.* Additionally, based on the medical records outlined above, petitioner suffered the residual effects of her condition for more than six months. Therefore, based on the record as it now stands, petitioner has satisfied all legal prerequisites for compensation under the Act. *See* 42 U.S.C. § 300aa-13(a)(1)(B); 42 U.S.C. § 300aa-11(c)(1)(D)(i).

*Id.* at 3. Respondent further notes that

[p]etitioner, however, is not entitled to compensation for any injury that she may allege to have been caused by her receipt a pneumococcal vaccination also administered on October 30, 2015, including any alleged injury to her right shoulder, because the pneumococcal vaccine is not covered under the Vaccine Injury Table. 42 C.F.R. §100.3(a).

*Id.*

**In view of respondent's position and the evidence of record, the undersigned finds that petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master